# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA SUAREZ TAPIA, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTWAVE CREDIT UNION,<br><br>Defendant. | Case No. 20cv1950-MMA-JLB<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Doc. No. 15] |

Adriana Suarez Tapia ("Plaintiff") brings this putative wage and hour class action (the "Action") against Defendant Frontwave Credit Union ("Defendant"). Plaintiff moves for preliminary approval of a class settlement pursuant to Federal Rule of Civil Procedure 23(e). *See* Doc. No. 15; *see also* Doc. No. 15-1, Azadian Decl., Ex A. Defendant does not oppose Plaintiff's motion. The Court found the matter suitable for determination without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 17. Upon due consideration, the Court **GRANTS** Plaintiff's motion and **ORDERS** as follows:

1.  The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2.   The Court conditionally certifies, for settlement purposes only, a "Settlement Class," wherein "Settlement Class" means all Class Members who did not timely opt-out of the settlement by submitting a proper Request for Exclusion and "Class Member" means all persons residing in the United States who were the subject of a consumer report that was procured by Defendant (or that Defendant caused to be procured) on or after October 2, 2015 through the date of Preliminary Approval of this Agreement. The "Class Period" means October 2, 2015 through the date of preliminary approval of the Settlement.

3.   The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate based on the following reasons: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and her counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual the Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.   The Court preliminarily finds, subject to the Final Approval hearing, that the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class. The Court also finds that the Settlement: (a) is the result of serious, informed, non-collusive arms'-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23. Accordingly, the Court preliminarily approves the class action settlement based upon the terms set forth in the Settlement

1  Agreement, which is attached as Exhibit A to the Declaration of George S. Azadian, and
2  is incorporated by reference herein.

3       5.    The Court finds that the dates set forth in the Settlement for mailing and
4  distribution of the Class Notice meet the requirements of due process and provide the best
5  notice practicable under the circumstances, and constitute due and sufficient notice to all
6  persons entitled thereto.  Accordingly, the Court approves and adopts the implementation
7  of the schedule and procedures set forth in subsection D of the Settlement Agreement
8  ("Class Notice, Opt-Outs and Objections").

9       6.    The Court approves, as to form and content, the Class Notice, attached as
10 Exhibit 1 to the Settlement Agreement and orders that Class Notice be disseminated to
11 the proposed Class as provided in the Settlement Agreement.

12      7.    The Court approves, for settlement purposes only, Azadian Law Group, PC
13 as Class Counsel.

14      8.    The Court approves, for settlement purposes only, Adriana Suarez Tapia as
15 the Representative Plaintiff.

16      9.    The Court approves Simpluris, Inc. as the third-party Settlement
17 Administrator.

18      10.    The Court will hold a Final Approval Hearing on **July 29, 2021 at 3:30 p.m.**
19 in Courtroom 3D of the Edward J. Schwartz United States Courthouse, located at 221
20 West Broadway, San Diego, CA 92101, at which time it will consider the fairness,
21 adequacy and reasonableness of the proposed Settlement preliminarily approved by this
22 Preliminary Approval Order, as well as the application of Class Counsel for an award of
23 reasonable attorneys' fees and costs incurred and the Representative Plaintiff's Incentive
24 Award.  All briefs and materials in support of the Motion for a Final Approval Order and
25 Judgment and Application for Attorneys' Fees and Costs must be filed no later than
26 **twenty-eight (28) days** before the Final Approval Hearing.
27 //
28 //

1  |  11. The Court expressly reserves the right to adjourn or continue the Final
2  |  Approval Hearing from time to time without further notice to members of the Settlement
3  |  Class.
4  |  **IT IS SO ORDERED**.
5  |  DATE: April 9, 2021

*[signature]*
HON. MICHAEL M. ANELLO
United States District Judge