# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA SUAREZ TAPIA, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FRONTWAVE CREDIT UNION,<br><br>Defendant. | Case No. 20cv1950-MMA-JLB<br><br>**ORDER AFFIRMING TENTATVE RULING AND GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARD**<br><br>[Doc. Nos. 19, 20] |

Adriana Suarez Tapia ("Plaintiff") brings this putative wage and hour class action (the "Action") against Defendant Frontwave Credit Union ("Defendant"). Plaintiff moves for final approval of a class settlement pursuant to Federal Rule of Civil Procedure 23(e). *See* Doc. No. 19. Plaintiff also moves for an award of attorneys' fees and costs, and a class representative incentive payment. *See* Doc. No. 20. Defendant does not oppose Plaintiff's motions and the Court preliminarily approved the class settlement. *See* Doc. No. 18. The Court issued a tentative ruling granting Plaintiff's motions and held a final approval hearing on these matters pursuant to Federal Rule of Civil Procedure 23(e)(2). *See* Doc. No. 21. For the reasons set forth below, the Court **AFFIRMS** its tentative ruling and **GRANTS** Plaintiff's motions.

# BACKGROUND

This action arises out of allegations that that Defendant's background check disclosure forms are not compliant with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §§ 1786 *et seq.*, Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. *See* Doc. No. 1. The parties attended an Early Neutral Evaluation conference with Magistrate Judge Burkhardt. *See* Doc. No. 13. At the conclusion of the ENE, Judge Burkhardt made a mediator's proposal which the parties subsequently accepted. *See id*.

On February 24, 2021, the parties filed a joint motion for preliminary approval of class settlement. *See* Doc. No. 15. On April 9, 2021, the Court granted the motion for preliminary approval and scheduled a Final Approval Hearing on the proposed Settlement and related matters. *See* Doc. No. 18. Thereafter, Plaintiff filed the instant motions for final approval of the class settlement, attorneys' fees and costs, and a class representative incentive payment. *See* Doc. No. 19; Doc. No. 19-1 (Azadian Decl., Ex. A); Doc. No. 20. Defendant does not oppose Plaintiff's motions, nor have any objections been filed to the proposed Settlement. The Court tentatively approved the Settlement and held a Final Approval Hearing on July 28, 2021. *See* Doc. Nos. 21, 22.

# OVERVIEW OF THE SETTLEMENT

## A. Settlement Class

The Settlement Class is defined as "All Class Members who did not timely opt-out of the settlement by submitting a proper Request for Exclusion," where "Class Member" means "all persons residing in the United States who were the subject of a consumer report that was procured by Defendant (or that Defendant caused to be procured) on or after October 2, 2015 through the date of Preliminary Approval of this Agreement (April 9, 2021)." The "Class Period" means "October 2, 2015 through the date of preliminary approval of the Settlement (April 9, 2021)." Doc. No. 19 at 11 (citing Settlement

Agreement).[1] There are 465 Class Members; given the one request for exclusion, there are 464 Settlement Class Members.[2] *See* Doc. No. 19 at 11 (citing Kincannon Decl. ¶ 11).

**B. Settlement Terms**

Defendant will pay a total sum of $95,000 (the "Gross Settlement Amount" or "Gross Settlement Fund") in full settlement of all claims. *See* Doc. No. 19 at 12 (citing Settlement Agreement). The parties have agreed that no portion of the Gross Settlement Amount revert to Defendant. *See id*. After deductions for: (a) the Court-approved Attorneys' fees and Costs to Class Counsel; (b) the Court-approved fees and costs of the Settlement Administrator; and (c) the Court-approved incentive payment to Plaintiff, the resulting "Net Settlement Fund" will be distributed to the Settlement Class Members by way of their "Individual Settlement Payment." *Id*. The Individual Settlement Payments will be calculated by dividing the Net Settlement Fund by the number of Settlement Class Members. *Id*. Each Settlement Class member is expected to receive about $110.00. The Settlement Administrator will issue Individual Settlement Payments no later than fifteen (15) business days after the Settlement Effective Date. *Id*. The Settlement Administrator's costs total $9,500, to be paid from the Gross Settlement Amount. *See* Doc. No. 20 at 7 (citing Settlement Agreement). Class Counsel requests $31,666.67 in attorneys' fees and $1,088.74 in costs, and Plaintiff requests a $5,000 incentive payment for her work as the Class Representative. *See id*.

**FINAL APPROVAL OF CLASS SETTLEMENT**

**A. Legal Standard**

> [T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system unless otherwise noted.

[2] The one Class Member who requested exclusion is not a Settlement Class Member and is not bound or impacted by this Order or the final judgment entered in this action.

that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

A court considers several factors in determining whether a Settlement Agreement is "fair, reasonable, and adequate" under Rule 23(e). The Rule provides that a court should consider whether: (1) "the class representatives and class counsel have adequately represented the class"; (2) "the proposal was negotiated at arm's length"; (3) "the relief provided for the class is adequate," taking into consideration the risks associated with continued litigation, the effectiveness of distributing the proposed relief to the class, the terms of any proposed attorneys' fees, and the underlying settlement agreement; and (4) "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2).

Judicial policy favors settlement in class actions and other complex litigation where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). To that end, the Ninth Circuit has identified additional factors to consider, including: (1) the strength of the case; (2) "the risk, expense, complexity, and likely duration of further litigation"; (3) "the risk of maintaining class action status throughout the trial"; (4) the settlement amount; (5) the stage of the proceedings; (6) "the experience and views of counsel"; (7) whether there is a "governmental participant"; and (8) "the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003), *overruled in part on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010)).

**B. Discussion**

The Court proceeds by addressing Rule 23(e)(2)'s "fair, reasonable, and adequate"

factors and the related factors noted by the Ninth Circuit.[3]

### 1. Adequate Representation

Rule 23(e)(2) requires the Court to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). Relatedly, the Court also considers the experience and views of counsel. *See Staton*, 327 F.3d at 959 (quoting *Molski*, 318 F.3d at 953). "'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. This is because '[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.'" *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (citation omitted) (first quoting *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y.); and then quoting *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).

Here, "Class Counsel has extensive class action experience in similar cases and believes that the proposed Settlement is adequate, reasonable, fair, and in the best interests of all class members." Azadian Decl. ¶ 27. Class Counsel has been approved as class counsel in other actions and based on counsel's education, experience, and accolades appears "qualified to evaluate the risks and benefits of both litigation and settlement in this matter . . .." *Id*. ¶ 30. Prior to settlement, "Class Counsel has conducted a thorough investigation into the facts of the class action, diligently evaluated the Class Members' claims against Defendant, investigated the facts relating to the claims alleged in the Action and Defendant's defenses." *Id*. ¶ 22.

Plaintiff, as Class Representative, "had a similar experience with Defendant compared to the other Class Members because we all were subject to background checks based on certain disclosures." Tapia Decl. ¶ 20. According to Plaintiff, she has "taken my responsibility as a Class Representative seriously and will continue to do so. I have

---

[3] Because of the overlap between the Rule 23(e)(2)'s factors and the Ninth Circuit's additional factors, the Court folds the Ninth Circuit's factors into its analysis of Rule 23(e)(2).

learned about the laws related to necessary disclosure required for background checks and the facts at issue in our case." *Id*. ¶ 18.

Based on their sworn declarations and the pertinent other portions of the record, the Court finds that both the Class Representative and Class Counsel have adequately represented the Settlement Class Members and therefore this factor favors approval of the Settlement Agreement.

**2. Arm's Length Negotiation**

Rule 23(e)(2) requires the Court to consider whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). Courts must ensure settlements are not the product of collusion or other conflicts of interest. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 947; *Staton*, 327 F.3d at 960. "A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." *Nat'l Rural Telecommunications Coop.*, 221 F.R.D. at 528. The Ninth Circuit has outlined several circumstances that may indicate collusion:

> (1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded"; (2) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds"; and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund."

*Ferrell v. Buckingham Prop. Mgmt.*, No. 1:19-cv-00332-LJO-SAB, 2020 WL 291042, at *20 (E.D. Cal. Jan. 21, 2020), *report and recommendation adopted*, 2020 WL 4364647 (E.D. Cal. July 30, 2020) (quoting *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 947); *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019) (noting these same "typical" collusive signs).

The parties reached this Settlement after engaging in significant informal discovery, attending an Early Neutral Evaluation conference, and stipulating to settlement on terms proposed by the assigned magistrate judge. Class Counsel do not seek to recover an unreasonable portion of the Gross Settlement Fund and no portion of the Fund

will revert to Defendant.  *See* Doc. No. 19-1 at 25.  Accordingly, the Court finds that the arm's length negotiations favor approval of the Settlement Agreement.

### 3. Adequate Relief

Rule 23(e)(2) requires the Court to consider whether "the relief provided for the class is adequate" after assessing several factors, such as the risks associated with continued litigation, the effectiveness of proposed relief to the class, the terms of any proposed attorneys' fees, and the underlying settlement agreement.  Fed. R. Civ. P. 23(e)(2)(C).  To determine whether the relief is adequate and in assessing the other underlying subfactors, "the Court must balance the continuing risks of litigation (including the strengths and weaknesses of Plaintiffs' case), with the benefits afforded to members of the Class, and the immediacy and certainty of a substantial recovery." *Baker v. SeaWorld Entm't, Inc.*, No. 14-cv-02129-MMA-AGS, 2020 WL 4260712, at *6 (S.D. Cal. July 24, 2020).  In particular,

> [t]he Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.  In this respect, "[i]t has been held proper to take the bird in hand instead of a prospective flock in the bush."

*Nat'l Rural Telecommunications Coop.*, 221 F.R.D. at 526 (quoting *Oppenlander v. Standard Oil Co. (Indiana)*, 64 F.R.D. 597, 624 (D. Colo. 1974)).

#### i. Risks of Continued Litigation

"In determining whether to approve a Settlement Agreement, the Court should also consider the expense, complexity and likely duration of further litigation or delay of trial and appeal."  *Baker*, 2020 WL 4260712, at *7 (citing Fed. R. Civ. P 23(e)(2)(C)(i)).  "Generally, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015) (quoting *Ching v. Siemens Indus., Inc.*, No. 11-cv-04838-MEJ, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014)).

Here, Plaintiff faced significant obstacles going forward in terms of proving an entitlement to statutory damages or actual damages based on evidence provided during informal discovery by Defendant. *See* Azadian Decl. ¶¶ 18-20. Certain Class Members' claims may have been barred by the applicable statute of limitations. *See id.* ¶ 21. And of course, without this Settlement, the parties would have had to spend considerable time and effort litigating formal discovery, class certification, and summary judgment. Accordingly, the Court finds that the strength of the case; the costs, risks, complexity, and delay of trial and appeal; the stage of the proceedings; and the risk of maintaining class action status throughout the trial favor approval of the Settlement Agreement.

### ii. Effectiveness of Proposed Relief Distribution

In determining the effectiveness of distributing the proposed relief to the class and the processing of class claims, the Court should "scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims. A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Fed. R. Civ. P. 23(e) advisory committee's note to 2018 amendment.

In this case, the Notice of Class Action Settlement provided as follows:

> You do not need to do anything. You will receive a share of the Net Settlement Fund unless you exclude yourself from the class by timely submitting an "opt-out" notice as set forth below in Question No. 9. If you do not exclude yourself from the settlement and do not object to the settlement, then you are not required to take any action. You may simply wait until the Court grants final approval of the settlement at the Final Fairness and Approval Hearing described below in Question No. 14, and you will be mailed your settlement check thereafter.

Kincannon Decl., Ex A at 2. This method of distribution imposes no burden on the Settlement Class Members. Accordingly, the effectiveness of the proposed method of distributing relief to the Class favors approval of the Settlement Agreement.

//

### iii. Terms of Proposed Attorneys' Fees

In assessing whether the relief for a class is adequate, "[e]xamination of the attorney-fee provisions may also be valuable in assessing the fairness of the proposed settlement." Fed. R. Civ. P. 23(e) advisory committee's note to 2018 amendment. "Ultimately, any award of attorney's fees must be evaluated under Rule 23(h), and no rigid limits exist for such awards. Nonetheless, the relief actually delivered to the class can be a significant factor in determining the appropriate fee award." *Id.*

This subfactor considers the "terms" of any proposed and agreed upon request for attorneys' fees. *See* Fed. R. Civ. P. 23(e)(C)(iii).  Here, the Settlement Agreement contains an attorneys' fees provision which permits Class Counsel to apply for an attorneys' fees award, which would be paid from the Gross Settlement Fund. The parties have agreed that Class Counsel will request an award of $31,667.67, representing one-third of the Gross Settlement Fund. *See* Doc. No. 19-1 at 28. Class Counsel notes that the requested amount is significantly less than the calculated lodestar figure. Class Counsel's entitlement to such award is ultimately contingent upon the corresponding motion for attorneys' fees and costs, addressed *infra*, and there is no evidence of collusion or self-interest in the Agreement's formation or ultimate terms. Accordingly, the terms of any proposed award of attorneys' fees favor approval of the Settlement Agreement.

### iv. Underlying Settlement Agreement

"It is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Rodriguez v. Bumble Bee Foods, LLC*, No. 17-cv-2447-MMA (WVG), 2018 WL 1920256, at *4 (S.D. Cal. Apr. 24, 2018) (brackets omitted) (quoting *Nat'l Rural Telecommunications Coop.*, 221 F.R.D. at 527). That is because a settlement "embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation." *Officers for Justice*, 688 F.2d at 624 (quoting *United States v. Armour & Co.*, 402 U.S.

673, 681 (1971)). Further, the Ninth Circuit has held that the number of class members who object to a proposed settlement is a factor to be considered. *See Mandujano v. Basic Vegetable Prod., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976) (first citing *Bryan v. Pittsburgh Plate Glass Co. (PPG Indus.)*, 494 F.2d 799, 803 (3d Cir. 1974); and then citing *Amalgamated Meat Cutters & Butcher Workmen of N. Am., Local 340 v. Safeway Stores, Inc.*, No. W-3915, 1972 WL 141, at *1 (D. Kan. Feb. 4, 1972)). The absence of a large number of objectors supports the fairness, reasonableness, and adequacy of the settlement. *See In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979) (finding "persuasive" that 84% of the class filed no opposition).

Here, the Settlement Agreement provides for a Gross Settlement Fund of $95,000 for a class of 465 members:

> [T]he $95,000 Gross Settlement Amount represents approximately 213% of reasonably recoverable potential damages at the low range for a willful violation under the FCRA and approximately 21.3% of reasonably recoverable potential damages at the maximum amount recoverable for a willful violation under the FCRA.

Doc. No. 19 at 24 (citing Azadian Decl. ¶ 26). After deducting attorneys' fees and costs and Settlement Administrator's fees and costs, each Settlement Class Member is expected to receive a payment of approximately $110. Plaintiff cites a number of cases which appear to support the conclusion that the Gross Settlement Amount in this case is both reasonable and favorable to the Settlement Class Members. *See id.* at 24 (collecting cases). Accordingly, the Court finds that the underlying Settlement Agreement, Settlement amount, and reaction of class members to the Settlement favor approval of the Settlement Agreement.

### v. Conclusion

Based on the foregoing, the Court finds that the relief provided for the class is adequate and favors approval of the Settlement Agreement.

//

### 4. Equitable Treatment of Class Members

Rule 23(e)(2) requires the Court to consider whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e) advisory committee's note to 2018 amendment. In assessing this factor, courts determine whether the settlement unreasonably gives preferential treatment to the class representatives or other class members. *See Ferrell v. Buckingham Prop. Mgmt.*, 2020 WL 291042, at *23 (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

The equal payments to Settlement Class Members are fair, reasonable, and adequate in light of the underlying harm and the lack of facts indicating certain Class Members suffered a disproportionate injury compared to others. Although disproportionate, as discussed below, the Court finds that Plaintiff's Class Representative enhancement award is reasonable. Accordingly, the general equitable treatment of class members favors approval of the Settlement Agreement.

**C. Conclusion**

Upon due consideration of the factors set forth above, the Court finds that the Settlement is "fair, reasonable, and adequate" under Rule 23(e)(2) and **GRANTS** Plaintiff's motion for final approval of the Class Settlement.

### ATTORNEYS' FEES AND COSTS

Plaintiff seeks and award of attorneys' fees and costs pursuant to multiple statutes. *See* 15 U.S.C. § 1681n(a)(3) (Fair Credit Reporting Act); Cal. Civ. Code § 1786.50 (Investigative Consumer Reporting Agencies Act); Cal. Civ. Code § 1785.31 Consumer Credit Reporting Agencies Act). Plaintiff requests fees in the aggregate amount of $31,667.67, which is 33.33% of the $95,000 Gross Settlement Fund.

//

### A. Attorneys' Fees

#### 1. Legal Standard

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Court has discretion in a common fund case such as this to choose either the lodestar method or the percentage-of-the-fund method when calculating reasonable attorneys' fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Under the percentage-of-recovery method, twenty-five percent of a common fund is the benchmark for fee awards. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."). Under the lodestar method, a "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d at 941 (citing *Staton*, 327 F.3d at 965).

Whether the Court awards the benchmark amount or some other rate, the award must be supported "by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. To guard against an unreasonable result, the Ninth Circuit has encouraged district courts to cross-check any calculations done in one method against those of another method. *See id.* at 1050-51.

#### 2. Discussion

As noted above, Plaintiff requests $31,667.67 in fees, or one-third (33.33%) of the Gross Settlement Fund. This amount exceeds the "benchmark" for a reasonable fee award under the percentage-of-recovery method but as Plaintiff notes, "[f]ederal [c]ourts in California routinely award attorneys' fees representing 1/3 of the common fund as requested herein." Doc. No. 20 at 11 (collecting cases). Plaintiff further asserts that this

amount is significantly less than Class Counsel's fees would be if calculated using the lodestar method.

### a. Lodestar Calculation

In order to determine the lodestar figure, the Court calculates the number of hours reasonably expended on the litigation and then multiplies that number by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Court first considers whether Class Counsel's hourly rates are reasonable. A reasonable hourly rate is typically based upon the prevailing market rate in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Here, Class Counsel requests an hourly rate of $550 (2020 rate) to $600 (2021 rate). *See* Doc. No. 20 at 12. The Court finds that these rates are reasonable and generally in line with rates for an attorney of comparable experience, skill, and reputation. *See, e.g.*, *Kailikole v. Palomar Cmty. Coll. Dist.*, No. 18-cv-2877-AJB-MSB, 2020 WL 6203097, at *3 (S.D. Cal. Oct. 22, 2020) (finding $550 rate per hour to be a reasonable rate for a partner); *Vasquez v. Kraft Heinz Foods Co.*, No. 3:16-CV-2749-WQH-BLM, 2020 WL 1550234, at *1–2, 7 (S.D. Cal. Apr. 1, 2020) (approving rate of $550 for attorney with 12 years of experience); *Kries v. City of San Diego*, No. 17-cv-1464-GPC-BGS, 2021 U.S. Dist. LEXIS 6826, at *26-27 (S.D. Cal. Jan. 13, 2021) (finding rates of $500 per hour for attorney with 14 years of experience to be reasonable). Class Counsel has more than approximately fourteen years of legal experience and "extensive class action experience in similar cases." Azadian Decl. ¶¶ 27-28. Moreover, Plaintiff requests attorneys' fees less than lodestar figure which further supports the reasonableness of the proffered rates. *See Oxina v. Lands' End, Inc.*, No. 14-cv-2577-MMA (NLS), 2016 WL 7626190, at *5 (S.D. Cal. Dec. 2, 2016) ("Class Counsel's request for fees is reasonable, given that the requested fees are a negative multiplier of Class Counsel's lodestar to date.").

The Court next considers whether the firms' expenditure of 78.4 hours on this case is reasonable. "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 433, 437). A district court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Chaudhry*, 751 F.3d at 1111 (citing *Moreno*, 534 F.3d at 1112). However, the Court "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. Hours are not "reasonably expended" if they are "excessive, redundant, or otherwise unnecessary." *Id*. Class Counsel has provided detailed billing records which indicate that the hours of work performed on this case were reasonable and necessary. *See generally* Azadian Decl., Ex. B.

The Court further finds that litigating this action required significant time, investigation, and research by Class Counsel. Additionally, Class Counsel helped secure a favorable outcome because the Settlement awards Settlement Class Members equally and provides a significant monetary award. Class Counsel litigated this case on a contingency basis. *See* Azadian Decl. ¶ 33. Additionally, there was a risk that a class would not be certified, Plaintiff would not prevail on the merits, or a potential jury award would be limited based on the difficulties associated with proving willful statutory violations. Taken together, these factors lend additional support for approving the requested attorneys' fees. *See Oxina*, 2016 WL 7626190, at *7.

In sum, Class Counsel's hourly rates and hours expended on this litigation are reasonable, and the reasonableness factors weigh in favor of the requested fees.

Accordingly, the Court **APPROVES** the fee request in the full amount of $31,667.67.

**B. Costs**

Plaintiff requests reimbursement for $1,088.74 in costs expended by Class Counsel in this litigation.

### 1. Legal Standard

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Counsel is entitled to reimbursement of the out-of-pocket costs they reasonably incurred investigating and prosecuting the case. *See In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391–92 (1970)); *see also Staton*, 327 F.3d at 974.

### 2. Discussion

Plaintiff seeks an award of costs totaling $1,088.74 expended by Class Counsel for filing fees and service of process fees. *See* Azadian Decl., Ex. C. Costs for service of process are taxable under 28 U.S.C. § 1920 as well as Civil Local Rule 54.1.b.1, which provides that "(c)osts for service of subpoenas are taxable as well as service of summonses and complaints." Filing fees are recoverable under 28 U.S.C. §1920(1).

Accordingly, because Class Counsel's out-of-pocket costs were reasonably incurred in litigating this action and were advanced by Counsel for the benefit of the Class, the Court **APPROVES** reimbursement of litigation costs in the full amount requested. *See, e.g.*, *Fontes v. Heritage Operating, L.P.*, No. 14-cv-1413-MMA (NLS), 2016 WL 1465158, at *6 (S.D. Cal. Apr. 14, 2016).

### CLASS REPRESENTATIVE INCENTIVE PAYMENT

Plaintiff requests an incentive payment of $5,000 for her service as the Class Representative in this action.

### A. Legal Standard

"Incentive awards are payments to class representatives for their service to the class in bringing the lawsuit." *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013). "Such awards are discretionary." *Rodriguez v. W. Publ'g Corp.* (*Rodriguez I*), 563 F.3d 948, 958 (9th Cir. 2009). The Ninth Circuit has instructed district courts to "to scrutinize carefully the awards so that they do not undermine the

adequacy of the class representatives." *See Radcliffe*, 715 F.3d at 1163. Incentive awards that are disproportionate to the class's recovery risk a conflict of interest between a class representative's interests and the class's interests. *See id.* (quoting *Rodriguez I*, 563 F.3d at 959). This is especially relevant where retainer agreements require class counsel to request an incentive award or where the settlement agreement conditions the award on the class representatives' approval of the settlement. *See id.* at 1163–64. "Where . . . the class representatives face significantly different financial incentives than the rest of the class because of the conditional incentive awards that are built into the structure of the settlement, we cannot say that the representatives are adequate." *Id.* at 1165.

Additionally, in evaluating the reasonableness of incentive awards,

> [t]he district court must evaluate their awards individually, using "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation."

*Staton*, 327 F.3d at 977 (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

Further, "class members can certainly be repaid from any cost allotment for their substantiated litigation expenses." *Id.* Taken together, courts examine the following factors when scrutinizing incentive awards on an individual basis in class action settlements: (1) conflicts of interest between the class representative and the class in assessing the terms or disparity of an award, (2) actions taken by the class representative to protect the class's interest, (3) the benefit received by the class based on the class representative's actions, (4) the time and effort expended by the class representative, and (5) the class representative's reasonable fears of workplace retaliation.

### B. Discussion

Courts in the Ninth Circuit have frequently held that a $5,000 incentive payment as requested by Plaintiff in this case is "presumptively reasonable." *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 906 (C.D. Cal. 2016), *aff'd in part, vacated and remanded in*

*part*, 980 F.3d 645 (9th Cir. 2020)).  However, any perceived "presumptive reasonability" of an award amount does not excuse the Court from its duty under Ninth Circuit precedent to carefully scrutinize proposed incentive awards on an individual basis.  *See Radcliffe*, 715 F.3d at 1163; *Staton*, 327 F.3d at 977 (quoting *Cook*, 142 F.3d at 1016).

Here, the Court finds that Plaintiff provided services to the Class worthy of the requested incentive payment.  Plaintiff "reached out to the Azadian Law Group, PC to address my concerns related to my employment with Defendant."  Tapia Decl. ¶ 4.  She provided relevant documents and information and reviewed the class action complaint prior to filing.  *Id*. ¶¶ 5-8.  After initiating this action, Plaintiff reviewed discovery, prepared for, and attended an Early Neutral Evaluation conference, after which she "approved the terms of the settlement, and was happy with the amount of the settlement for the class members."  *Id*. ¶¶ 11-13.

Accordingly, the Court **APPROVES** Plaintiff's request for a $5,000 incentive payment.

## CONCLUSION

Based on the foregoing, the Court **AFFIRMS** its tentative ruling and **GRANTS** Plaintiff's motions for final approval of the class settlement, attorneys' fees and costs, and a class representative incentive payment.

The Court **CERTIFIES** the Settlement Class for the purposes of the Settlement.  The Court **APPROVES** the Settlement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).  The Court **ORDERS** the parties to undertake the obligations set forth in the Settlement Agreement that arise out of this Order.

The Court **AWARDS** attorneys' fees to Class Counsel in the amount of **$31,667.67** and costs in the amount of **$1,088.74**.

The Court further **AWARDS** to Plaintiff an incentive payment for work performed as the class representative in the amount of **$5,000**.

The Court **DIRECTS** the Clerk of Court to enter a separate judgment of dismissal

in accordance herewith, *see* Fed. R. Civ. P. 58(a), and to close the case.

Without affecting the finality of this Order, the Court maintains jurisdiction over this matter for purpose of enforcing the Judgment.

**IT IS SO ORDERED**.

DATED: August 3, 2021

HON. MICHAEL M. ANELLO
United States District Judge